UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| RANDALL WADE COOPER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. | 2:19-CV-208-TAV-CRW |
| | ) | |
| CHAD NAVE, | ) | |
| COREY LOFTIS, | ) | |
| EMARY BRYANT, | ) | |
| MARIO SANTOS, and | ) | |
| ERIC GEREN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This is a complaint for violation of 42 U.S.C. § 1983. Plaintiff, a former prisoner at the Bradley County Jail, alleges damages resulting from the use of excessive force by Defendants during his arrest on October 17, 2018 [Doc. 17]. Before the Court is Defendants' Motion for Summary Judgment on the ground that this action is barred by the statute of limitations [Doc. 41]. Plaintiff responded in opposition [Doc. 45], and Defendants replied [Doc. 46]. Because Plaintiff's claim is barred by the statute of limitations, Defendants' motion will be **GRANTED**, and this action will be **DISMISSED**.

**I. Background**

Plaintiff, a prisoner proceeding pro se, alleges that on October 17, 2018, Defendants used excessive force during Plaintiff's arrest in violation of the Eighth Amendment [Doc. 17 p. 4–5]. Specifically, Plaintiff alleges that Defendants, Bradley County police

officers, pursued him in an attempted traffic stop on October 17, 2018 [*Id.* at 4]. After stopping, Plaintiff claims, he surrendered, raising his hands over his head [*Id.*]. Plaintiff alleges that Defendants Nave and Bryant then struck him with their vehicles; Defendants Santos and Geren beat him to the ground; and Defendants Santos, Loftis, and Nave simultaneously tasered him into unconsciousness [*Id.*]. He states he was then treated at Tennova Hospital for multiple injuries [*Id.*].

On October 2, 2019, Plaintiff signed his application to proceed *in forma pauperis* [Doc. 1 p. 2], and on November 21, 2019, Plaintiff signed his complaint alleging Defendants' use of excessive force [Doc. 2 p. 6]. The court clerk docketed Plaintiff's application to proceed *in forma pauperis* and his original complaint on November 25, 2019 [*See* Docs. 1, 2]. On March 2, 2020, Plaintiff signed his amended complaint, requesting $1,000,000 in damages for pain and suffering and $10,000,000 in punitive damages, which the court clerk docketed on March 6, 2020 [Doc. 17 p. 6]. Defendants now request summary judgment on the ground that this suit is barred by the applicable statute of limitations [Doc. 41 p. 2].

## II. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where, as here, Defendants have moved for summary judgment on statute-of-limitations grounds, summary judgment is appropriate if the limitations period has expired, and there is no issue of material fact as to when the

2

plaintiff's cause of action accrued." *Panzica v. Corr. Corp. of Am.*, 559 F. App'x 461, 463 (6th Cir. 2014) (citing *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cty.*, 625 F.3d 935, 940 (6th Cir. 2010).

### III. Analysis

Defendants move for summary judgment on the basis that Plaintiff's § 1983 claim is barred by the applicable statute of limitations [Doc. 41 p. 2]. Because § 1983 does not contain its own statute of limitations, federal district courts apply the relevant state statute of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980)). In Tennessee, a one-year statute of limitations applies to civil actions brought under federal civil rights statutes. *See* Tenn. Code Ann. § 28-3-104(a)(3); *Cox v. City of Jackson*, 811 F. App'x 284, 288 (6th Cir. 2020); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). When the limitations period begins, however, is an issue of federal law. *Cox*, 811 F. App'x at 288 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Under federal law, a cause of action accrues

under § 1983 when "the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both his injury and the responsible party." *Id.* (quoting *Hall v. Spencer Cnty.*, 583 F.3d 930, 933 (6th Cir. 2009)). Thus, "a § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wallace*, 549 U.S. at 388).

First, there is no issue of material fact as to when Plaintiff's cause of action accrued. *See Panzica*, 559 F. App'x at 463. It is undisputed that Plaintiff's arrest and the alleged use of excessive force by Defendants occurred on October 17, 2018 [Doc. 17 p. 3–4; Doc. 41 p. 1; Doc. 43-1 p. 3]. Thus, the statute of limitations began to run on October 17, 2018, and expired one (1) year later on October 17, 2019. *See Fox*, 489 F.3d at 233.

Second, the limitations period expired before Plaintiff commenced suit. *See Panzica*, 559 F. App'x at 463. In arguing the same, Defendants assert that Plaintiff did not commence this lawsuit until November 25, 2019, the date the court clerk docketed Plaintiff's initial complaint [Doc. 42 p. 5]. However, this assertion overlooks the so-called "prison mailbox rule."

Initially applied by the Supreme Court in determining the timeliness of a pro se prisoner's notice of appeal, the prison mailbox rule recognizes that the unique circumstances of a pro se prisoner litigant cause him to relinquish control over his filings once he delivers them to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988). In consideration of these circumstances, the Court

4

concluded that a pro se prisoner filed his notice of appeal when the prisoner "delivered the notice to prison authorities for forwarding to the District Court." *Id.* at 270.

The Sixth Circuit has extended the prison mailbox rule from *Houston* to civil complaints filed by pro se prisoners. *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *see also Aldridge v. Gill*, 24 F. App'x 428, 429 (6th Cir. 2001) ("The 'mailbox rule' of *Houston v. Lack* applies to the filing of § 1983 suits under the applicable, state statute of limitations."). Thus, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th. Cir. 2008); *see also Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004) ("[T]he complaint of a pro se petitioner who applies for permission to proceed IFP is deemed 'filed' for statute of limitations purposes when the petitioner deposits both the complaint and the application to proceed IFP in the prison mail system to be forwarded to the court clerk."). And absent evidence to the contrary, the signing date on a pro se prisoner's pleading constitutes the date the pro se prisoner delivered the pleading to prison authorities for mailing to the court. *See Brand*, 526 F.3d at 925.

Here, under the prison mailbox rule, Defendants improperly rely on the date the court clerk docketed Plaintiff's original complaint and application to proceed *in forma pauperis* (i.e., November 25, 2019) in arguing that Plaintiff's claim is time-barred; this error notwithstanding, their conclusion is correct. Plaintiff signed his original complaint

5

on November 21, 2019 [Doc. 2 p. 6].[1]  Having been provided no evidence to the contrary, the Court therefore considers November 21, 2019, to be the date Plaintiff delivered the pleading to prison authorities for mailing to the court.  *See Brand*, 526 F.3d at 925.  Accordingly, per the prison mailbox rule, November 21, 2019, is the date Plaintiff "filed" this case for statute-of-limitations purposes.  Because Plaintiff filed this case on November 21, 2019, thirty-six (36) days after the one-year statute of limitations expired on October 17, 2019, Plaintiff's claim against Defendants is time-barred.

## IV. Conclusion

Because Plaintiff's § 1983 claim against Defendants is barred by the applicable statute of limitations and there is no issue of material fact as to when the plaintiff's cause of action accrued, summary judgment is appropriate.  Accordingly, Defendants' Motion for Summary Judgment [Doc. 41] will be **GRANTED**, and this action will be **DISMISSED**.  The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

---

[1] In his response, Plaintiff appears to argue that he filed his original complaint on October 2, 2019 [Doc. 45 p. 2 ("On Oct. 2, 2019 I mailed at Bradley County Sherriff's Department the start of my complaint (Doc. 1) dated Oct. 2, 2019 . . . .")].  However, the filing Plaintiff references is his application to proceed *in forma pauperis* [Doc. 1], not his original complaint [Doc. 2].  Although Plaintiff signed his application to proceed *in forma pauperis* on October 2, 2019 [Doc. 1 p. 2], he did not sign his complaint until November 21, 2019 [Doc. 2 p. 6].  *See Scott*, 116 F. App'x at 701 (deeming the complaint of a pro se prisoner requesting to proceed *in forma pauperis* "filed" for statute-of-limitations purposes when the prisoner submits *both* the application to proceed *in forma pauperis* and the complaint to prison authorities for mailing to the court).